IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shaun Leval Pilgrim, ) | Case No. 7:20-cv-02325-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Brendan M. Delaney, Jeanna Sandefur, ) | |
| Judge R. Keith Kelly, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 17, 2020, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. ECF No. 24. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF Nos. 26.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

In the present action, Plaintiff, a pretrial detainee, alleges that Defendants violated his civil rights in proceedings regarding his pending criminal charges and a probation revocation. As explained in more detail by the Magistrate Judge, his claims are subject to summary dismissal.[1]

As an initial matter, to the extent Plaintiff is requesting that this Court interfere with or enjoin the pending state criminal charges against him, the Court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). Such extraordinary circumstances are not present here. Further, while federal courts typically stay rather than dismiss claims for money damages during the pendency of state court proceedings,

---

[1] The Court incorporates by reference the Magistrate Judge thorough recitation of the relevant facts and applicable law.

dismissal is appropriate when a plaintiff's damages are "plainly barred" for other reasons. *Nivens v. Gilchrist*, 444 F.3d 237, 248–50 (4th Cir. 2006). For the reasons set forth below, dismissal of Plaintiff's claims is appropriate.

Plaintiff's claims against Brendan M. Delaney are subject to dismissal because Mr. Delaney was not acting under color of state law. It is well-established that appointed defense counsel are not state actors for purposes of § 1983. *See Polk Cnty. V. Dodson*, 454 U.S. 312, 323 n.13 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Thus, Plaintiff's claims against Mr. Delaney are dismissed.

Plaintiff's claims as to Judge R. Keith Kelly are subject to dismissal because Judge Kelly is entitled to judicial immunity. Plaintiff's allegations against Judge Kelly arise out of his judicial actions and there is no claim or evidence that he acted in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (holding that whether an act is judicial or non-judicial relates to the nature of the act and that immunity applies even when a judge's acts were in error, malicious, or in excess of his authority). As Plaintiff's claims against Judge Kelly relate to judicial actions, Judge Kelly is entitled to judicial immunity and the claims against him are dismissed.

Plaintiff also brings claims against Jeanna Sandefur, his probation officer, related to the revocation of his probation. These claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires that a plaintiff must successfully challenge his conviction or imprisonment before he can recover damages for an unconstitutional imprisonment. As explained in more detail by the Magistrate Judge, Plaintiff's probation revocation proceeding does not indicate a favorable determination; accordingly, these claims are

barred by *Heck*.  Moreover, Ms. Sandefur is entitled to prosecutorial immunity with respect to her part in Plaintiff's probation revocation.  *See Stevens v. Spartanburg Cnty. Prob., Parole, and Pardon Servs.*, C/A No. 6:09-cv-00795-HMH, 2010 WL 678953, at *6–7 (D.S.C. Feb. 23, 2010) (finding that prosecutorial immunity barred action against probation officer where the claims involved the probation officer acting in a prosecutorial function in prosecuting the plaintiff's probation revocation proceedings). As such, Plaintiff's claims against Ms. Sandefur are subject to summary dismissal.[2]

## CONCLUSION

Based on the foregoing and upon de novo review of the record and applicable law, the Court agrees with the recommendation of the Magistrate Judge and finds that Plaintiff's claims are subject to summary dismissal.  Plaintiff's claims barred by *Heck* are dismissed without prejudice.  Plaintiff's remaining claims are dismissed with prejudice.[3]

---

[2] The Court notes the Magistrate Judge's brief discussion of Plaintiff's abandoned claim against Barry Barnette.  As Plaintiff has not objected to the dismissal of Mr. Barnette, the Court finds that he did intend to dismiss the claims against him.  Accordingly, Mr. Barnette is dismissed as a Defendant in this action.

[3] The Magistrate Judge previously afforded Plaintiff an opportunity to correct the defects identified in his complaint and warned him that if he failed to file an amended complaint or failed to cure the identified deficiencies, the Magistrate Judge would recommend that the action be dismissed *with prejudice* and without leave for further amendment. Despite filing an amended complaint, Plaintiff has not cured the identified deficiencies.  Accordingly, the Court declines to give Plaintiff leave to further amend his complaint and dismisses Plaintiff's claims without issuance and service of process.  *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, the district court was directed on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby

IT IS SO ORDERED.

                                             s/ Donald C. Coggins, Jr.
                                             United States District Judge

January 27, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

rendering the dismissal order a final, appealable order"); *see also Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020).

5